**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID HUGO JOHNSON,

      Petitioner - Appellant,

v.

MARVIN VAUGHN, Warden

      Respondent - Appellee.

No. 13-5060
(D.C. No. 4:10-CV-00301-GKF-PJC)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

      Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition. Petitioner was convicted by an Oklahoma jury of one count of burglary and one count of attempted burglary. He was sentenced to seven years' imprisonment on the burglary count and three-and-a-half years' imprisonment on the attempted burglary count, to run consecutively. Petitioner filed a direct appeal in the Oklahoma Court of Criminal Appeals. The OCCA affirmed Petitioner's conviction and denied his request for an evidentiary hearing. Petitioner then filed the instant § 2254 habeas petition.

---

      [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In his federal habeas petition, Petitioner raised six grounds of error, each of which had been presented to and rejected by the OCCA. Petitioner argued: (1) the joinder of the two counts against him was improper and prejudiced the jury against him; (2) he received ineffective assistance of trial counsel based on several alleged deficiencies in his trial counsel's performance; (3) the district court erred in admitting evidence of one of the victims' injuries following and resulting from the alleged burglary; (4) Petitioner was deprived of his right to a fair trial by cumulative error; (5) appellate counsel had a conflict of interest that rendered his representation of Petitioner on appeal ineffective; and (6) appellate counsel was ineffective in failing to raise a claim of prosecutorial misconduct on direct appeal.[1] The district court concluded that, to the extent Petitioner's arguments raised federal constitutional claims, the state court had not unreasonably applied Supreme Court precedent in rejecting these claims. The district court accordingly denied the petition for relief under 28 U.S.C. § 2254(d)(1).

After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of Petitioner's habeas petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner additionally challenges the district court's refusal to hold an evidentiary hearing and to appoint counsel. However, the district court correctly denied an evidentiary hearing

---

[1] On direct appeal to the OCCA, Petitioner raised the fifth and sixth arguments in a pro se supplemental brief. The OCCA considered and rejected these claims in the same order considering the claims raised by Petitioner's appellate counsel.

because the OCCA rejected Petitioner's claims on the merits. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (holding "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). And we see no error in the district court's decision not to appoint counsel—a "decision [that] is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Therefore, for substantially the same reasons given by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge